IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

    Plaintiff,

vs.                                                                                            No. CIV 16-0812 JB/SCY

FNU LNU, *USA Law Enforcement*;
FNU LNU, *Rio Rancho Police*;
FNU LNU, *Sandoval County Sheriffs*;
FNU LNU, *Docs and Mental Health*, and
FNU SALAZAR, *Officer*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2), on the Plaintiff's Prisoner's Civil Rights Complaint, filed on July 11, 2016 (Doc. 1)("Complaint"). Plaintiff Christopher Scott Dangim was incarcerated at the time of filing, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will dismiss Dangim's claims under 42 U.S.C. § 1983 without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and will afford Dangim thirty days in which to file an amended complaint that complies with this Memorandum Opinion and Order's standards.

## FACTUAL BACKGROUND

Dangim's Complaint is not clear, but it appears to raise multiple constitutional claims under 42 U.S.C. § 1983 against various unidentified defendants. First, Dangim appears to allege that police officers employed by the City of Rio Rancho, New Mexico, and by the County of Sandoval, New Mexico, racially profiled him, tazed him, and falsely arrested him in 2008 and

2012. See Complaint at 2-5. Second, Dangim alleges that he was deprived of his right under the Sixth Amendment to the Constitution of the United States of America "to appear at the grand jury in sound state of mind." Complaint at 4. Third, Dangim contends that he "was jumped in prison by two guards who twisted my arm and said I was resisting and jumped and burned me." Complaint at 4. Last, Dangim alleges that his right under the Eighth Amendment to the Constitution of the United States of America to be free from cruel and unusual punishment was violated when he was physically assaulted in county jail, and denied "outside hospital treatment," even though his "finger was severed at the [cuticle]." See Complaint at 1. In his request for relief, Dangim requests to be exonerated of all criminal charges, released from state custody, preliminary injunctive relief "against officers [for] racist tactics," and compensatory damages in the amount of five million dollars. Complaint at 6.

Attached to Dangim's Complaint is a state court complaint, which appears to raise claims under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1, et seq. Complaint at 8. Dangim alleges that, in November, 2016, Officer FNU Salazar, a guard at the Sandoval County Detention Center, placed an unhygienic substance in his food and slammed his hand in the feed port, severing his finger at the cuticle. See Complaint at 8-9. Dangim further alleges that he was denied medical treatment, resulting in an infection in his finger and causing him to be "permanently maimed." Complaint at 9. In his prayer for relief, Mr. Dangim requests "charges of assault" to be filed against the guard and compensatory damages in the amount of $300,000.00. Complaint at 10.

After certain mailings to Dangim were returned as undelivered, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court of the District of New Mexico, ordered Dangim to show cause why the Court should not dismiss his complaint for

failure to inform the Court of his current mailing address as D.N.M. LR-Civ. 83.6 requires. See Order to Show Cause at 1-2, filed July 26, 2016 (Doc. 6). In response, Dangim explained that he was unexpectedly released from state custody and informed the Court of his new mailing address. See Response to Order to Show Cause at 1, filed August 10, 2016 (Doc. 8)("First Response"); Response to Cure Defects at 1, filed August 10, 2016 (Doc. 9)("Second Response"); Second Response to Order to Show Cause at 1, filed August 10, 2016 (Doc. 10)("Third Response"); Second Response to Cure Defects at 1, file August 10, 2016 (Doc. 11)("Fourth Response). Dangim also requested a change of venue to an African-American judge. See First Response at 1; Second Response at 1; Third Response at 1; Fourth Response at 1.

On August 22, 2016, Judge Yarbrough quashed the Order To Show Cause and liberally construed Dangim's request for a change of venue as a motion to disqualify under 28 U.S.C. § 455(a). See Order Quashing Order to Show Cause Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915, and Denying Motion to Disqualify at 1, filed August 22, 2016 (Doc. 13)("Quash Order"). Judge Yarbrough denied Dangim's motion, because "unsupported and speculative assertions of bias or prejudice are insufficient to merit disqualification under § 455(a)." Quash Order at 3.

On September 1, 2016, Dangim submitted 191 pages of exhibits, which included medical and mental health records as well as various documents from his state court criminal proceedings. See Sealed Notice, filed August 23, 2016 (Doc. 19)("Medical Records"). Judge Yarbrough determined that the information in these records triggered the obligation under rule 17(c)(2) of the Federal Rules of Civil Procedure "to inquire into the current status of [Dangim's] mental health to determine whether the appointment of a guardian ad litem, or other appropriate order, is required." Sealed Order Requiring Supplemental Documentation Regarding Plaintiff's

Mental Competency at 3, filed March 15, 2017 (Doc. 20)("Supplemental Documentation Order").[1] Judge Yarbrough ordered Dangim to submit, on or before April 14, 2017, "supplemental documentation regarding the **current status of his mental health**, including, but not limited to, court records, updated medical records, and statement from treating physicians or psychiatrists." Supplemental Documentation Order at 3 (emphasis in original). The deadline for the submission of supplemental documentation has expired, and Dangim has not complied or otherwise responded to Judge Yarbrough's Supplemental Documentation Order.

## ANALYSIS

As a preliminary matter, the Court must determine which obligation it has a duty to fulfill first: (i) screening of the complaint under §§ 1915(e)(2) and 1915(A); or (ii) determination of Dangim's mental competency to represent himself pro se under rule 17(c)(2). The Court will first screen the Complaint under §§ 1915(e) and 1915A. The Court will next address Dangim's mental competency under rule 17(c)(2).

**I.   THE COURT FIRST WILL SCREEN THE COMPLAINT UNDER §§ 1915(E) AND 1915A BEFORE ADDRESSING DANGIM'S MENTAL COMPETENCY UNDER FED. R. CIV. P. 17(c)(2).**

Rule 17(c)(2) provides, in relevant part, that "[t]he court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "[T]he language of the Rule makes the obligation mandatory," but it does not indicate "which factors should trigger the district court's

---

[1]Federal Rule of Civil Procedure 17(c)(2) provides as follows:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).

duty of inquiry as to whether the individual at issue is incompetent." Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012). Although the United States Court of Appeals for the Tenth Circuit has not addressed the issue in a published opinion, the Courts of Appeal generally apply the standard that the United States Court of Appeals for the Second Circuit articulated in Ferrelli v. River Manor Health Care Center, 323 F.3d 196 (2d Cir. 2003). In that case, the Second Circuit held that Fed. R. Civ. P. 17(c)(2) does not obligate "a district court to monitor a pro se litigant's behavior for signs of mental incompetence." Ferrelli v. River Manor Health Care Center, 323 F.2d at 201. The duty to appoint a guardian ad litem or issue another appropriate order arises, however, when a court is

> presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.

Ferrelli v. River Manor Health Care Center, 323 F.2d at 201.

Title 28 of the United States Code, § 1915(A) also imposes a mandatory obligation on district courts to screen "before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner[2] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). See Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(holding that "§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity,

---

[2]Congress defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Dangim was incarcerated at the time he filed his Complaint and, therefore, he is a prisoner as § 1915A defines that term. See Brown v. Eppler, 725 F.3d 1221, 1230 (10th Cir. 2013)(holding that the Prison Litigation Reform Act applies to individuals who are incarcerated at the time of filing).

officers, or employee"). On review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Furthermore, where a litigant such as Dangim has been granted permission to proceed in forma pauperis, the district court "shall dismiss the case at any time" if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Tenth Circuit has not addressed the question of which obligation the district court has a duty to fulfill first: screening of the pro se complaint under §§ 1915(e)(2) and 1915A or inquiry into the pro se litigant's mental competence under rule 17(c)(2). In Powell v. Symons, the United States Court of Appeals for the Third Circuit addressed this issue, holding that, "[i]n the context of unrepresented litigants proceeding in forma pauperis, this inquiry [into mental competence under rule 17(c)(2)] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)." 680 F.3d at 307. Thus, a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2). However, "a court may not weigh the merits of claims beyond the § 1915A or § 1915(e)(2) screening if applicable," until "the duty of inquiry" under rule 17(c)(2) "is satisfied." Powell v. Symons, 680 F.3d at 307.

On the other hand, the United States Court of Appeals for the Second Circuit has held that it is error to screen a complaint under § 1915(e)(2)(B) before addressing the question of a

litigant's competence to represent himself or herself pro se under rule 17(c)(2).  See Berrios v. New York City Housing Authority, 564 F.3d 130, 134 (2d Cir. 2009).  In Berrios v. New York City Housing Authority, 564 F.3d at 134, the Second Circuit reversed the district court's dismissal of a pro se litigant's complaint under § 1915(e)(2)(B)(ii), because the district court failed to consider whether a guardian ad litem adequately represented the incompetent plaintiff under rule 17(c)(2).  The Second Circuit reasoned that a district court may not "make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented," and that "the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects."  Berrios v. New York City Housing Authority, 564 F.3d at 134.  The Second Circuit reasoned:

> Where the owner of a claim is a minor or incompetent person, therefore, unless that claimant is properly represented by a guardian ad litem, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted [under § 1915(e)(2)(B)(ii)].

Berrios v. New York City Housing Authority, 564 F.3d at 135.  See Perri v. City of New York, 350 F. App'x 489 (2d Cir. 2009)(reversing the district court's dismissal of a pro se litigant's complaint under § 1915(e)(2)(B), because the district court failed to "consider whether Rule 17(c) applied," despite the submission of evidence documenting "plaintiff's long history of mental illness")(unpublished).  The Second Circuit noted, however, that if the plaintiff's guardian ad litem was found to be unsuitable and "the court views it as clear that no substantial claim could be asserted on behalf" of the pro se litigant, then the court may "dismiss the complaint, but without prejudice."  Berrios v. New York City Housing Authority, 564 F.3d at 135.

The Court concludes that the better reasoned approach is the one that the Third Circuit

adopted in Powell v. Symons that sua sponte screening under §§ 1915(e)(2)(B) and 1915A generally should precede an inquiry into a pro se litigant's mental competence under rule 17(c). See 680 F.3d at 307. First the Court notes that a dismissal under § 1915(e)(2) "is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." Denton v. Hernandez, 504 U.S. 25, 34 (1992). Such a "dismissal does not prejudice the filing of a paid complaint making the same allegations," although it could "have res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." Denton v. Hernandez, 504 U.S. at 34. Second, screening the complaint under § 1915A before conducting an inquiry under rule 17(c)(2) is consistent with the court's statutory obligation to review the merits of a prisoner complaint "as soon as practicable after docketing." 28 U.S.C. § 1915A(a).

In light of the foregoing, the Court concludes that it is appropriate to screen Dangim's Complaint under §§ 1915(e)(2)(B) and 1915A. The Court's conclusion finds support in the fact that the evidence of mental incompetence submitted by Dangim is equivocal and that Dangim has failed to comply with the Court's March 15, 2017, order requiring him to provide the Court with supplemental documentation regarding the current status of his mental health. See Supplemental Documentation Order at 1-2. The Court will fulfill its statutory duty to screen Dangim's complaint under §§ 1915(e)(2) and § 1915A, but will not otherwise weigh the merits of Dangim's claims. See Powell v. Symons, 680 F.3d at 307.

## II. THE COURT WILL DISMISS DANGIM'S COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED UNDER §§ 1915(e)(2)(B)(II) AND 1915A(B)(1).

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal

of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Dangim is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

Dangim's Complaint names the "Rio Rancho Police" and the "Sandoval County Sheriffs" as Defendants in this action. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees of State Colleges of Colorado, 215 F.3d 1168, 1172 (10th Cir. 200). Although municipalities and local

governments are "persons" who may be sued under § 1983, Monell v. Dep't of Social Serv. of City of New York, 436 U.S. 658, 690 (1978)("Monell"), "[g]enerally, governmental sub-units are not separate suable entities" under § 1983, Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished). The Rio Rancho Police Department and the Sandoval County Sheriff's Office are governmental sub-units that are not subject to suit under § 1983 and, therefore, Mr. Dangim's Prisoner's Civil Rights Complaint fails to state a claim on which relief may be granted against these Defendants.

To the extent that Mr. Dangim's complaint liberally may be construed to name the City of Rio Rancho and the County of Sandoval as Defendants, his § 1983 claims nonetheless are subject to dismissal under §§ 1915(e)(2)(B) and 1915A(b). It is well established that neither a municipality nor a county can "be held liable *solely* because it employs a tortfeasor -- or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 658 (emphasis in original). Rather, municipalities and local governments "are subject to liability [under § 1983] only for their official policies or customs." Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989). See Monell, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Dangim's Complaint does not allege that an official policy or custom caused the constitutional violations, and, therefore, it fails to state a claim on which relief may be granted under § 1983 against the City of Rio Rancho or the County of Sandoval.

Dangim's Complaint also names "USA Law Enforcement" as a Defendant. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court recognized that an implied cause of action exists against federal officials for

constitutional violations. Bivens, 403 U.S. at 388. Bivens only applies, however, to individual federal officials and it does not permit suit against a federal agency. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994). Dangim's Complaint does not identify any individual federal officials, and, therefore, it fails to state a claim on which relief may be granted under Bivens.

Dangim appears to allege that Salazar violated his right to be free from cruel and unusual punishment, because Salazar "put an unhygienic substance in [his] food" and then "slammed [his] hand in the feed up slot" when he tried to return it, severing his finger at the cuticle. Complaint at 9. See Complaint at 1. Although spitting in a prisoner's food on a daily basis for an "extensive duration" may rise to the level of an Eighth Amendment violation, a single isolated incident, "however reprehensible or disgusting [it] might be," does not. Escobar v. Mora, 496 F. App'x 806, 810-13 (10th Cir. 2012)(unpublished). With respect to the injury to Dangim's finger, the Complaint does not allege that Salazar acted with deliberate indifference to Mr. Dangim's health or safety when he slammed Mr. Dangim's hand in the feed up slot. See Wilson v. Seiter, 501 U.S. 294, 303 (1991)(adopting the deliberate indifference standard for the subjective component of Eighth Amendment claims based on conditions of confinement). For a prison official to be found liable of deliberate indifference under the Eighth Amendment, the official must be "more than merely negligent," Farmer v. Brennan, 511 U.S. 825, 835 (1994); rather, he or she must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference," 511 U.S. at 834. Because it is unclear from the facts the Complaint alleges whether Salazar's conduct merely was negligent, or whether it was deliberately indifferent to Mr. Dangim's health or safety, the Court concludes that Mr. Dangim's

Prisoner's Civil Rights Complaint fails to state a claim on which relief may be granted under § 1983 against Salazar.

To the extent that Dangim seeks to be exonerated and released from state custody, the Court notes that this relief is unavailable in a § 1983 proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)(holding that "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"). See Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."). If Dangim wishes to challenge his state criminal conviction or sentence's validity, he must do so by filing a writ of habeas corpus.

Likewise unavailable is Dangim's request for "charges of assault" to be initiated against Salazar. Complaint at 10. "[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." United States v. Batchelder, 442 U.S. 114, 124 (1979). Such decisions generally are not subject to judicial review. See Massey v. Smith, 555 F.2d 1355, 1356-57 (8th Cir. 1977).

The remainder of Dangim's § 1983 claims fail to comport with rule 8 of the Federal Rules of Civil Procedure, because they fail to include "a short and plain statement of the claim showing that [Dangim] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> The purpose of the modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.

Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989)(internal quotation marks and citation omitted). To state a claim in a § 1983 action against multiple governmental defendants, "the complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphases in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. Pahls v. Thomas, 718 F.3d at 1225-26 (emphasis in original; internal quotation marks and citation omitted). Specifically, a plaintiff's complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Although Dangim's Complaint is replete with alleged constitutional violations, it fails to identify what each individual Defendant did, when he or she did it, and how the alleged action or inaction violated Dangim's constitutional rights. For example, Dangim alleges that he was deprived of "outside hospital treatment" for his severed finger, Complaint at 1, but he fails to allege who deprived him of outside hospital treatment, when this alleged deprivation took place, and why the denial of "outside hospital treatment" -- as opposed to in-house medical treatment at the correctional facility -- violated his Eighth Amendment right to be free from cruel and unusual

punishment.  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(explaining that "[a] prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment," and that "[d]eliberate indifference involves both an objective and subject component.  The objective component is met if the deprivation is sufficiently serious. . . .  The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.")(internal quotation marks and citations omitted).  Likewise insufficient is the bare allegation that unnamed "mental health techs" "forced" an unidentified "bad drug" on Dangim at an unknown time, or the conclusory allegation that Dangim was "denied [his] 6th amendment right to appear at the grand jury in sound state of mind."  Complaint at 1, 4.  See Hall v. Bellmon, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

For the foregoing reasons, the Court concludes that Dangim's Complaint does not state a claim on which relief may be granted under 42 U.S.C. § 1983.  See U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).  Dangim may rectify the foregoing deficiencies, however, through more precise pleading, and, therefore, the Court will grant Dangim an opportunity to file an amended complaint, which complies with the pleading standards set forth above, within thirty days of the date of this Memorandum Opinion and Order.  Failure timely to file an amended complaint may result in the dismissal of this civil rights action without prejudice without further notice.  The Court will screen Dangim's Complaint under §§ 1915(e)(2)(B) and 1915A(b), dismiss Dangim's § 1983 claims without prejudice for failure to state a claim on which relief may be granted, and grant Dangim an opportunity to file an amended complaint that conforms with the standards set forth in this Memorandum Opinion and Order.

**IT IS ORDERED** that: (i) the Plaintiff's claims under 42 U.S.C. § 1983 in the Plaintiff's

Prisoner's Civil Rights Complaint, filed on July 11, 2016 (Doc. 1), are dismissed without prejudice; (ii) Dangim is granted thirty days in which to file an amended complaint that conforms with the standards set forth in this Memorandum Opinion and Order; and (iii) the Clerk of the Court is directed to mail to Dangim, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Christopher Scott Dangim
Rio Rancho, New Mexico

*Plaintiff pro se*

FNU LNU, USA Law Enforcement

*Defendant pro se*

FNU LNU, Rio Rancho Police

*Defendant pro se*

FNU LNU, Sandoval County Sheriffs

*Defendant pro se*

FNU LNU, Docs and Mental Health

*Defendant pro se*

FNU SALAZAR, Officer

*Defendant pro se*