# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

    Plaintiff,

vs.                                                                           No. CIV 16-0812 JB/SCY

FNU LNU, *USA Law Enforcement*,
FNU LNU, *Rio Rancho Police*,
FNU LNU, *Sandoval County Sheriffs*,
FNU LNU, *Docs and Mental Health*,
FNU SALAZAR, *Officer*,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, on: (i) the Plaintiff's Amended Complaint for Violation of Civil Rights, filed July 6, 2017 (Doc. 22)("Amended Complaint"); (ii) the Plaintiff's Appendix/Supplement to his Amended Complaint, filed July 6, 2017 (Doc. 23)("Appendix/Supplement"); and (iii) the Plaintiff's Letter From Christopher Scott Dangim, filed July 18, 2017 (Doc. 24)("Motion to Appoint Counsel"). Plaintiff Christopher Scott Dangim was incarcerated at the time of filing, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will dismiss Dangim's Amended Complaint and Appendix/Supplement without prejudice for failure to state a claim upon which relief may be granted, deny his Motion to Appoint Counsel as moot, and enter Final Judgment.

## FACTUAL BACKGROUND

On July 11, 2016, Dangim filed a Prisoner's Civil Rights Complaint, filed July 11, 2016 (Doc. 1)("Complaint"), which appears to raise multiple constitutional claims under 42 U.S.C. §

1983 against various unidentified Defendants. See Complaint at 1. First, Dangim appears to allege that police officers employed by the City of Rio Rancho, New Mexico, and the County of Sandoval, New Mexico, racially profiled him, tazed him, and falsely arrested him in 2008 and 2012. See Complaint at 2-5. Second, Dangim alleges that he was deprived of his right under the Sixth Amendment to the Constitution of the United States of America "to appear at the grand jury in sound state of mind." Complaint at 4. Third, Dangim alleges that he "was jumped in prison by two guards who twisted my arm and said I was resisting and jumped and burned me." Complaint at 4. Last, Dangim alleges that his right under the Eighth Amendment to the Constitution of the United States of America to be free from cruel and unusual punishment was violated when he was physically assaulted in county jail and denied "outside hospital treatment," even though his "finger was severed at the [cuticle]." Complaint at 1. In his request for relief, Dangim requests to be exonerated of all criminal charges, released from state custody, preliminary injunctive relief "against officers [for] racist tactics," and compensatory damages in the amount of five million dollars. Complaint at 6.

Attached to Dangim's Complaint is a state court complaint, which appears to raise claims under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1, et seq. See Complaint at 8. Dangim alleges that, in November 2016, Officer FNU Salazar, a guard at the Sandoval County Detention Center, placed an unhygienic substance in his food and slammed his hand in the feed port, severing his finger at the cuticle. See Complaint at 8-9. Dangim further alleges that he was denied medical treatment, resulting in an infection in his finger and causing him to be "permanently maimed." Complaint at 9. In his prayer for relief, Dangim requests "charges of assault" to be filed against the guard and compensatory damages in the amount of $300,000.00. Complaint at 10.

After certain mailings to Dangim were returned as undelivered, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Dangim to show cause why the Court should not dismiss his complaint for failure to inform the Court of his current mailing address as D.N.M. LR-Civ. 83.6 requires. See Order to Show Cause at 1-2, filed July 26, 2016 (Doc. 6). In response, Dangim explained that he was unexpectedly released from state custody and informed the Court of his new mailing address. See Response to Order to Show Cause at 1, filed August 10, 2016 (Doc. 8)("First Response"); Response to Cure Defects at 1, filed August 10, 2016 (Doc. 9)("Second Response"); Second Response to Order to Show Cause at 1, filed August 10, 2016 (Doc. 10)("Third Response"), Second Response to Cure Defects at 1, filed August 10, 2016 (Doc. 11)("Fourth Response"). Dangim also requested a change of venue to an African-American judge. See Response at 1; Second Response at 1; Third Response at 1; Fourth Response at 1.

On August 22, 2016, Magistrate Judge Yarbrough quashed the Order To Show Cause and liberally construed Dangim's request for a change of venue as a motion to disqualify under 28 U.S.C. § 455(a). See Order Quashing Order to Show Cause Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915, and Denying Motion to Disqualify at 1, filed August 22, 2016 (Doc. 13)("Quash Order"). Judge Yarbrough denied Dangim's motion because "unsupported and speculative assertions of bias or prejudice are insufficient to merit disqualification under § 455(a)." Quash Order at 3

On September 1, 2016, Dangim submitted 191 pages of exhibits, which include medical and mental health records as well as various documents from his state court criminal proceedings. See Sealed Notice, filed August 23, 2016 (Doc. 19)("Medical Records"). Magistrate Judge Yarbrough determined that the information contained in these records triggered

the obligation under rule 17(c)(2) of the Federal Rules of Civil Procedure "to inquire into the current status of [Dangim's] mental health to determine whether the appointment of a guardian ad litem, or other appropriate order, is required." Sealed Order Requiring Supplemental Documentation Regarding Plaintiff's Mental Competency at 3, filed March 15, 2017 (Doc. 20)("Supplemental Documentation Order"). Magistrate Judge Yarbrough ordered Dangim to submit, on or before April 14, 2017, "supplemental documentation regarding the **current status of his mental health**, including, but not limited to, court records, updated medical records, and statement from treating physicians or psychiatrists." Supplemental Documentation Order at 3 (emphasis in original). Dangim did not comply or otherwise respond to Magistrate Judge Yarbrough's order.

On June 2, 2017, the Court held, pursuant to Powell v. Symons, 680 F.3d 301 (3d Cir. 2012), that "sua sponte screening under §§ 1915(e)(2)(B) and 1915A generally should precede an inquiry into a pro se litigant's mental competence under rule 17(c)." Memorandum Opinion and Order, filed June 2, 2017 (Doc. 21). The Court determined that Dangim's Complaint does not state a claim on which relief may be granted and, therefore, dismissed the Complaint pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b). See Memorandum Opinion and Order at 14-15. First, the Court dismissed Dangim's § 1983 claims against Defendants Rio Rancho Police and Sandoval County Sheriffs, because "[t]he Rio Rancho Police Department and the Sandoval County Sheriff's Office are governmental sub-units that are not subject to suit under § 1983." Memorandum Opinion and Order at 10. Second, the Court dismissed Dangim's § 1983 claims against "USA Law Enforcement," because "Bivens[v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")][1] only applies . . . to individual federal

---

[1]In Bivens the Supreme Court recognized that an implied cause of action exists against

officials" and because "Dangim's complaint does not identify any individual federal officers." Memorandum Opinion and Order at 11. Third, the Court dismissed Dangim's § 1983 claims against Salazar, "[b]ecause it is unclear from the facts the Complaint alleges whether Salazar's conduct merely was negligent, or whether it was deliberately indifferent to Mr. Dangim's health or safety." Memorandum Opinion and Order at 11. Last, the Court dismissed the remainder of Dangim's § 1983 claims pursuant to rule 8 of the Federal Rules of Civil Procedure, because they failed to include "a short and plain statement of the claim showing that [Dangim] is entitled to relief." Memorandum Opinion and Order at 12 (quoting Fed. R. Civ. P. 8(a)(2)).

Because the deficiencies in Dangim's Complaint could be rectified through more precise pleading, the Court permitted Dangim an opportunity to file an amended complaint that identifies the person or persons responsible for the alleged constitutional violations. See Memorandum Opinion and Order at 13-15. The Court explained to Dangim that mere conclusory allegations are insufficient to state a viable claim under § 1983 and that his amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." Memorandum Opinion and Order at 13 (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)).

On July 6, 2017, Dangim filed an Amended Complaint. See Amended Complaint at 1. Dangim's Amended Complaint names the United States of America as the sole named defendant. See Amended Complaint at 1, 5. The factual allegations in the Amended Complaint are difficult to discern, but Dangim alleges that he is mentally ill, that he was placed in solitary confinement, and that he is being detained illegally. See Amended Complaint at 1-5. Dangim seeks monetary

---

federal officials for constitutional violations. See Bivens, 403 U.S. at 388.

damages in the amount of fifty billion dollars, to withdraw his guilty plea in his state court criminal proceeding, and issuance of a writ of habeas corpus. See Amended Complaint at 2, 3, 9.

On July 6, 2017, Dangim submitted a copy of a NMTCA complaint filed in the Thirteenth Judicial District Court, County of Cibola, State of New Mexico, on June 19, 2017, which was docketed as an Appendix/Supplement to his Amended Complaint. See Appendix/Supplement at 1. The factual allegations in Dangim's Appendix/Supplement are similar to those in his original Complaint,[2] as are the defendants (i.e., "Rio Rancho Police, Sandoval County, Sheriffs, Las Vegas Mental Health, MDC, MHTC Las Lunas, and Judge McDonald"). Appendix/Supplement at 1. Dangim's Appendix/Supplement seeks, in relevant part, immediate release from custody and compensatory and punitive damages in the amount of fifty billion dollars. See Appendix/Supplement at 3.

On July 18, 2017, Dangim filed a letter, which was docketed as his Motion to Appoint Counsel. See Motion to Appoint Counsel at 1. In his Motion to Appoint Counsel, Dangim requests appointment of counsel, because he is a "poor person" with "no income." Motion to Appoint Counsel at 1. Dangim's Motion to Appoint Counsel also appears to raise additional

---

[2]Dangim alleges the following facts in his complaint's "FACTS" section:

> I have injuries and permanent scars from police and correction staff permanently scaring and ripping my arms and wrist head injuries and leg injuries from being assault by white racist cops. I also was forced injections of bad drugs and strangled and choked and head stomped by Sandoval County Sheriffs and tazed with 5 tazers by Rio Rancho Police. I have be racially profiled in this state by law enforcement and mental health techs violating my patient rights as well as the Judge McDonald violating the [M'Naghten] law only saying it is illegal to detain me and would not conduct constitutional amendment rights in illegally sentencing me. I asked to withdraw my plead to not guilty under the [M'Naghten] law and the Judge Public Defender and District Attorney violated my 3rd 4th 5th 6th 8th and 13th amendment and still suffer from headaches from assault by officers because I am a [unintelligible] muslim"

Appendix/Supplement at 1.

civil rights claims, alleging that his constitutional rights have been violated, because his life has been threatened, he has been physically assaulted, and feces have been put in his food. Motion to Appoint Counsel at 2.

## ANALYSIS

As a preliminary matter, the Court must identify the operative pleading for the purpose of its review under 28 U.S.C. §§ 1915(e) and 1915A. The Court received and docketed Dangim's Amended Complaint and his Appendix/Supplement, which is a form New Mexico Tort Claims Act complaint, on the same date -- July 6, 2017. See Amended Complaint at 1; Appendix/Supplement at 1. It is unclear whether Dangim filed his Appendix/Supplement in an attempt to raise additional claims in this civil rights action or whether Dangim simply wants to notify the Court that a state court action is pending. The Court will resolve this ambiguity in favor of the former interpretation, given that Dangim's Appendix/Supplement states that he "want[s] a federal judge for this federal lawsuit." Appendix/Supplement at 5. The Court, therefore, will construe both the Amended Complaint and the Appendix/Supplement together as the operative pleading. To the extent that Dangim seeks to raise additional constitutional, statutory, or common-law claims in his Motion to Appoint Counsel, the Court will not consider these claims, because Dangim's Motion to Appoint Counsel is not in the form of a complaint and was filed without the "opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See also Fed. R. Civ. P. 10(a), (b) (requiring all pleadings to have "a caption with the court's name, a title, a file number, and a Rule 7(a) designation," and all claims to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a

claim upon which relief may be granted. See §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Dangim is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." 935 F.2d at 1110.

Dangim's Amended Complaint names the United States as a defendant. See Amended Complaint at 1, 5. As previously explained in the Court's June 2, 2017, Memorandum Opinion and Order, although an implied cause of action exists against federal officials for constitutional violations under Bivens, neither the United States nor its agencies are proper defendants in a

Bivens action. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997)("The United States and its agencies are not subject to suit under Bivens."). The Court therefore will dismiss Dangim's Bivens claim against the United States for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and 1915A(b).

Dangim's Appendix/Supplement names the Rio Rancho Police, Sandoval County Sheriffs, Las Vegas Mental Health Unit, Metropolitan Detention Center ("MDC"), and the Mental Health Treatment Center ("MHTC") at the Central New Mexico Correctional Facility in Los Lunas, New Mexico as Defendants. Appendix/Supplement at 1. To the extent that Dangim's Appendix/Supplement raises constitutional claims against these Defendants under 42 U.S.C. § 1983,[3] the Court has previously explained to Dangim in its June 2, 2017, Memorandum Opinion and Order, that the Rio Rancho Police Department and the Sandoval County Sheriff's Office are governmental sub-units, which are not subject to suit under § 1983. See Memorandum Opinion and Order at 10. Similarly, Las Vegas Mental Health Unit, MDC, and MHTC are governmental sub-units, which are not subject to suit under § 1983. See Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished). The Court, therefore, will dismiss Dangim's § 1983 claims against these Defendants for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and 1915A(b).

Dangim's Appendix/Supplement also names as a Defendant the Honorable Judge McDonald, Chief New Mexico State Judge for the Thirteenth Judicial District, because he is the judge who presided over his state court criminal case. See Appendix/Supplement at 1. Dangim

---

[3] Dangim's Appendix/Supplement alleges the violation of his "US constitutional" rights under the "3rd 4th 5th 6th 8th and 13th amendments." Appendix/Supplement at 1.

appears to allege that Chief Judge McDonald violated his rights under the United States Constitution by refusing to permit Dangim to withdraw his guilty plea in violation of the M'Naghten rule[4] and imposing an illegal sentence. Appendix/Supplement to Amended Complaint at 2. It is well established, however, that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Dangim's § 1983 claims are predicated on Judge McDonald's judicial acts and, therefore, the doctrine of absolute judicial immunity bars them.

Regardless, to the extent that Dangim seeks to recover under § 1983 for alleged constitutional errors that occurred during his state court criminal case, Heck v. Humphrey, 512 U.S. 477 (1994)("Heck"), bars his claims. In Heck, the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentenced has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence already has been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original)(footnote omitted). Dangim's § 1983 claims necessarily imply the invalidity of his state court conviction, but he does not allege that his

---

[4]Under the M'Naghten rule, a defendant generally is considered to be legally insane when the crime was committed if "he was suffering from a mental disease or defect rendering him . . . unable to differentiate between right and wrong or . . . unable to understand the nature and consequences of his act." Dietsel v. Hines, 506 F.3d 1249, 1272 (10th Cir. 2007)(internal quotation marks and citation omitted).

conviction has been invalidated on direct appeal, by executive order, or by a state or federal tribunal. The Court will, therefore, dismiss these claims for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and 1915A(b).

Furthermore, as previously explained to Dangim in the Court's June 2, 2017, Memorandum Opinion and Order, the Court lacks the authority under 42 U.S.C. § 1983 to invalidate his state court criminal conviction or release him from state custody. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)(holding that "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."). If Dangim wishes to challenge the validity of his state court criminal conviction or sentence, he must do so by filing a writ of habeas corpus.

Last, to the extent that Dangim's Amended Complaint and Appendix/Supplement raise constitutional claims arising under § 1983 regarding the alleged conditions of his confinement or the events leading up to his arrest and conviction,[5] these claims fail to state a claim on which relief may be granted because it is unclear "*who* is alleged to have done *what* to *whom*." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in original). As previously explained to Dangim, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-showing that his rights 'were violated' will not suffice. . . . Rather it is incumbent upon a plaintiff to identify *specific* actions taken by *particular*

---

[5]For example, Dangim alleges in his Amended Complaint that he was "beaten by guards," improperly placed in solitary confinement, denied his rights under the Eighth Amendment of the Constitution of the United States of America, and tazed and arrested at a WalMart. Amended Complaint at 6, 8, 9. See footnote 1, supra.

defendants in order to make out a viable § 1983 claim." Memorandum Opinion and Order at 13 (internal quotation marks and citations omitted). Dangim's Amended Complaint and Appendix/Supplement do not identify specific actions that particular defendants took and, therefore, they fail to state a viable claim under § 1983.

The foregoing analysis disposes of Dangim's Bivens and § 1983 claims. Nonetheless, the Court recognizes that Dangim's Appendix/Supplement raises various claims arising under New Mexico state law. Section 1367(c)(3), of Title 28 of the United States Code, provides that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit has noted that, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998). In light of the dismissal of Dangim's federal claims, the Court declines to exercise supplemental jurisdiction over his remaining state law claims.

In conclusion, for the foregoing reasons, the Court will dismiss Dangim's Bivens and § 1983 claims without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), and the Court will decline to exercise supplemental jurisdiction over Dangim's remaining state law claims. The Court will dismiss, therefore, Dangim's Amended Complaint and Appendix/Supplement without prejudice in their entirety, deny his Motion to Appoint Counsel as moot, and enter Final Judgment.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Complaint For Violation of Civil Rights, filed July 6, 2017 (Doc. 22), is dismissed without prejudice; (ii) the Plaintiff's Appendix/Supplement to his Amended Complaint, filed July 6, 2017 (Doc. 23), is dismissed

without prejudice; (iii) the Plaintiff's Letter from Christopher Scott Dangim, filed July 18, 2017 (Doc. 24)("Motion to Appoint Counsel"), is denied as moot; and (iv) Final judgment will be entered.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Parties*:

Christopher Scott Dangim
Rio Rancho, New Mexico

    *Plaintiff pro se*

FNU LNU, USA Law Enforcement

    *Defendant pro se*

FNU LNU, Rio Rancho Police

    *Defendant pro se*

FNU LNU, Sandoval County Sheriffs

    *Defendant pro se*

FNU LNU, Docs and Mental Health

    *Defendant pro se*

FNU SALAZAR, Officer

    *Defendant pro se*