IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

    Plaintiff,

vs.                                             No. CIV 16-0812 JB/SCY

FNU LNU, *USA Law Enforcement*;
FNU LNU, *Rio Rancho Police*;
FNU LNU, *Sandoval County Sheriffs*;
FNU LNU, *Docs and Mental Health* and
FNU SALAZAR, *Officer*,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND CONSTRUING PLAINTIFF'S MOTION AS A NOTICE OF APPEAL

This matter comes before the Court on the Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs and Fees, filed September 1, 2017 (Doc. 28)("Motion"). Christopher Scott Dangim originally filed the Motion in the United States Court of Appeals for the Tenth Circuit on September 1, 2017, and the Tenth Circuit forwarded Dangim's Motion to this Court. For the reasons explained below, the Court will grant Dangim's permission to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915 and construe Dangim's Motion as a Notice of Appeal of the Court's Memorandum Opinion and Order of Dismissal, filed August 23, 2017 (Doc. 26), and Final Judgment, filed August 23, 2017 (Doc. 27)("MOO").

Dangim was granted permission to proceed in forma pauperis in the District Court pursuant to 28 U.S.C. § 1915. See Order Quashing Order to Show Cause, Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915, and Denying Motion to Disqualify, filed August 22, 2016 (Doc. 13). Rule 24(a)(3) of the Rules of Appellate Procedure provide that "[a] party who was

permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" provided that the appeal is taken in good faith. Fed. R. App. P. 24(a)(3). The Court concludes that Dangim has a good-faith basis to file an appeal from the Court's MOO and Final Judgment and, therefore, will grant Dangim's Motion.

Dangim has not filed a notice of appeal, but he timely filed the present motion for leave to proceed in forma pauperis on appeal within the time permitted to file a notice of appeal under rule 4 of the Rules of Appellate Procedure. See Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," Bowles v. Russell, 551 U.S. 205, 214 (2007), but the Court may liberally construe a pro se pleading as the functional equivalent of a notice of appeal if it is "filed within the time specified by Rule 4 [and] gives the notice required by Rule 3" of the Appellate Rules of Appellate Procedure, Smith v. Barry, 502 U.S. 244, 249 (1992). Rule 3 provides that the notice of appeal must: (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice"; (2) "designate the judgment, order, or part thereof being appealed"; and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). "Courts will liberally construe the requirements of Rule 3." Smith v. Barry, 502 U.S. at 248. "Thus, when papers are 'technically at variance with the letter of [rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Smith v. Barry, 502 U.S. at 248 (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)).

Dangim's Motion satisfies rule 3's first requirement, because it specifies the party taking the appeal by naming the party in the caption of his Motion. However, "[f]ailure to comply with

the other two elements is not necessarily fatal" if "the petitioner's intent can be fairly inferred." United States v. Villarreal, 351 F. App'x 332, 333 (10th Cir. 2009)(unpublished).[1] Given that Dangim filed his Motion only nine days after the Court dismissed his Amended Complaint for Violation of Civil Rights, filed July 6, 2017 (Doc. 22), and the entry of Final Judgment, it can be fairly inferred that Dangim is appealing from the Court's MOO. See United States v. Villarreal, 351 F. App'x at 333 (holding that the petitioner's pro se filing was the functional equivalent of a notice of appeal from the "only . . . substantive order that Mr. Villareal could have been appealing: the denial of his § 2255 motion"). See Fleming v. Evans, 481 F.3d 1249, 1253-54 (10th Cir. 2007)(holding that the petitioner's combined "motion for leave to proceed on appeal without prepayment of costs or fees and application for certificate of appealability" was the "'functional equivalent' of a formal notice of appeal" (quoting Smith v. Barry, 502 U.S. 244, 248 (1992))); Faircloth v. Raemisch, No. 17-1078, 2017 WL 2260929, at *3-4 (10th Cir. May 23, 2017)(unpublished)(construing the petitioner's motion to proceed on appeal in forma pauperis as a notice of appeal from "the denials of his § 2254 motion and his Rule 59(e) motion to amend"). Additionally, because Dangim mailed his Motion to the Tenth Circuit, it can be fairly inferred that Dangim is appealing to the Tenth Circuit. See Graves v. General Ins. Corp., 381 F.2d 517, 519 (10th Cir. 1967)(holding that "a defective notice of appeal should not warrant dismissal for

---

[1]United States v. Villarreal is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value"). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin. 426 F.3d 1266, 1274 (10th Cir.2005). The Court concludes that United States v. Villarreal and Faircloth v. Raemisch, No. 17-1078, 2017 WL 2260929 (10th Cir. May 23, 2017) (unpublished) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee"); Faircloth v. Raemisch, 2017 WL 2260929, at *4 ("Here, Mr. Faircloth's sole avenue to appeal the denials of his § 2254 motion and motion to amend is through this court, and as a result it may be reasonably inferred that his appeal was taken to this court."). The courts, therefore, liberally construe Dangim's Motion as the functional equivalent of a notice of appeal.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs and Fees, filed September 1, 2017 (Doc. 28) is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Christopher Scott Dangim
Central New Mexico Correctional Facility
Los Lunas, New Mexico

*Plaintiff Pro Se*